IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TAMMY L. MARQUEZ, et al.,            Case No. 12-1401-JTM

    Defendants.

vs.

CENTEX HOME EQUITY COMPANY,
LLC, n/k/a NATIONSTAR
MORTGAGE, LLC.

Third Party Defendant.


MEMORANDUM AND ORDER

This matter is before the court on the motion of defendants and third-party plaintiffs Adam and Angela Ewing for default judgment under Fed.R.Civ.P. 55(b)(2) against Centex Home Equity Company, LLC, now known as Nationstar Mortgage, LLC.. The action was originally commenced by the United States as an *in rem* claim relating to property securing a Rural Housing Service loan issued Tammy and Antonio Marquez in 1998. The government sought judgment in the amount of $75,341.62 against the original borrowers, along with a determination that its loan was a first and prior lien on the underlying

property.

The Ewings brought a third-party claim against Nationstar, which foreclosed on a second mortgage on the property in 2004, purchased the property at a Sheriff's sale, and then sold it to the Ewings. The Ewings alleged that Nationstar failed to properly inform them of the existing and superior encumbrance held by the government. By this silence, the Ewings allege that Nationstar was guilty of fraud, negligent misrepresentation, unjust enrichment, and violation of the Kansas Consumer Protection Act.

The Clerk entered default against Nationstar on January 30, 2013.The Ewings' motion shows that they paid the government $37,500 in exchange for a release of the government mortgage. The payment was the result of arms-length negotiation between counsel for the Ewings and counsel for the government, with both counsel citing relevant facts and legal authorities. The payment was reasonable under the circumstances of the case.

In addition, the Ewings were required to incur attorney fees and expenses in protecting their interest in the property. Kansas law permits an award of attorney fees as damages if a party "has been forced to litigate against a third party because of some tortious conduct of the defendant." *Duggan v. Rooney*, 749 F. Supp. 234, 241 (D. Kan. 1990). Here, the evidence before the court establishes that the Ewings incurred $22,176.20 in reasonable attorney fees and expenses in defending the government's foreclosure claim.

Because the court finds that the amount of the Ewings' damages is sufficiently certain through the evidence submitted to the court, no hearing is necessary. *Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall*, 239 F. Supp. 2d 26, 30 (D.D.C.

2002).

IT IS ACCORDINGLY ORDERED, this 20th day of June, 2013, that the Ewings' Amended Motion for Default Judgment (Dkt. 51) is hereby granted, and the court directs a final default judgment against Nationstar and in favor of the Ewings in the amount of $59,676.20. In light of this finding, the Ewings' Motion for In Camera Inspection (Dkt. 52) is denied as unnecessary and moot.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE